COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Willis and Annunziata
Argued at Alexandria, Virginia


MAURICE DANIEL REED

v.         Record No. 2664-94-4        MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                    DECEMBER 29, 1995


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Judge

Michael S. Arif (Martin & Arif, on brief),
for appellant.

John K. Byrum, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General; Richard B. Smith, Assistant Attorney
General, on brief), for appellee.


On appeal from his conviction for murder, robbery, and use

of a firearm in the commission of a felony, Maurice Daniel Reed

contends the trial court erred in allowing a police officer to

testify whether there were any differences in the statements made

to him by three men allegedly involved in the crime. We find no

error and affirm the judgment of the trial court.

On June 11, 1993, at approximately 11:00 p.m., Melissa

Trowbridge heard noises outside her home. Looking out into the

lighted cul-de-sac, she saw a man standing next to a white car,

holding a gun on a man lying face down in the street. She saw

the man holding the gun shoot the man lying down in the back of

the head. The shooter then jumped into the passenger side of the

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

white car and the car drove off.

When the police arrived, they found Dale H. Fredericks lying dead in the street with his "head . . . just about completely blown off."  His pants pockets had been pulled out and were empty.

The next day, Fredericks' car was located in front of Reed's apartment.  Bloodstains were found on the left rear tire.  Latent fingerprints of Fredericks and Kamal Muwwakkil were found on the car.

On June 14, 1993, Reed told Investigator Lyons that "he bought the RX-7 for fifteen dollars from a fellow by the name of Stick Man over in Southeast Washington . . . on . . . the 12th . . . ."  The following day, Reed told Lyons that "in the parking lot of his apartment building, he met an individual he identified as a pipehead and that he purchased the car from him."  He told Lyons that he knew the car was stolen and that was why he threw the keys off the Wilson Bridge into the river.  Investigator Lyons told Reed that he did not believe him.  Reed terminated the interview, but returned shortly thereafter.  He told Lyons that he was at the scene of the crime, but that Cedrick McAllister and Kamal Muwwakkil were the ones in the victim's car and that Muwwakkil had the shotgun.

At trial, Hassan Hargrove testified that he, Reed, Muwwakkil, McAllister, and Kenyan Nash got into Reed's station wagon at Reed's apartment.  Reed brought two shotguns.  They were

all smoking marijuana.

Hargrove testified that while driving on the beltway towards Virginia, they saw a white Mazda RX-7, with license plate HIPPOS, and decided to take it. They followed the car onto a residential street and parked around the corner from where it parked. Reed and Muwwakkil jumped out of the station wagon and ran toward the white car. A few seconds later, Hargrove heard a gunshot. They saw Reed and Muwwakkil leave in the white car and followed in Reed's car.

During cross-examination of Investigator Lyons, Reed's counsel questioned him regarding statements made by Hargrove, Muwwakkil, and Nash. On redirect examination, the Commonwealth asked Lyons whether the statements made by those three men varied. Lyons replied, "No, Sir. None." Reed objected to the question and answer on the ground that they called for and put into evidence a conclusion based on hearsay. The trial court overruled the objection, holding that Reed had opened this line of questioning during his cross-examination. On re-cross, Reed again referred to the statements made by Hargrove, Muwwakkil, and Nash.

"A trial judge's ruling on the admissibility of evidence 'will not be disturbed on appeal in the absence of an abuse of discretion.'" Hunter v. Commonwealth, 15 Va. App. 717, 724, 427 S.E.2d 197, 202 (1993) (en banc). We find no abuse of discretion in the trial court's overruling the objection and receiving

Lyons' testimony. Furthermore, the Supreme Court has held that "where an accused unsuccessfully objects to evidence which he considers improper and then on his own behalf introduces evidence of the same character, he thereby waives his objection, and we cannot reverse for the alleged error." Hubbard v. Commonwealth, 243 Va. 1, 9, 413 S.E.2d 875, 879 (1992).

Investigator Lyons' testimony was not hearsay. He did not repeat the witnesses' out-of-court statements to prove their truth. He simply reported his perception from what he had heard as explanation for his development of the case. The jury was able to decide for itself whether the statements made by Hargrove, Muwwakkil, and Nash varied.

The judgment of the trial court is affirmed.

Affirmed.